## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**KEI'YONA MCCOY,**

    **Plaintiff,**

**v.**                              **CASE NO.:**

**SOUTHERN STAR RESTAURANT
MANAGEMENT, INC.
d/b/a ORLANDO – DUNKIN DONUT,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEI'YONA MCCOY, by and through undersigned counsel, brings this action against Defendant, SOUTHERN STAR RESTAURANT MANAGEMENT, INC. d/b/a ORLANDO – DUNKIN DONUT, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq*.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 133, 42 U.S.C. § 1981, and 42 U.S.C. § 2000e *et seq*.

3.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4.    Plaintiff is a resident of Osceola County, Florida.

5.    Defendant operates a business in Orange County, Florida, where Plaintiff worked.

## GENERAL ALLEGATIONS

6.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

7.    At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

8.    Plaintiff is a member of a protected class of persons under Section 1981.

9.    Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

10.    Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

11.    At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

12.    Plaintiff has satisfied all conditions precedent, or they have been waived.

13.    Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

14.    Plaintiff requests a jury trial for all issues so triable.

## FACTS

### *Plaintiff is a Protected Class Due to Her Race (Black) and Sex*

15.    Plaintiff is a Black female.

16.    Thus, Plaintiff is a member of a protected class, and on account of her protected status, Plaintiff benefits from the protections of Title VII, the FCRA, and Section 1981.

17.    Plaintiff began working for Defendant in or around March 2024.

18.    Plaintiff was qualified for her position, and had been performing the duties of her position with Defendant in a satisfactory manner.

19.    During Plaintiff's employment tenure with Defendant, she was subjected to disparate treatment based on her sex and race.

20.    During Plaintiff's employment tenure with Defendant, she was sexually harassed.

21.    During Plaintiff's employment, another employee, Dennis, who was in the process of training to become manager, would routinely make sexual remarks toward Plaintiff, stare at Plaintiff, and suggest that Plaintiff should wear a mini skirt with her "ass hanging out."

22.    Plaintiff objected to this sexual harassment.

23.    Dennis would also intentionally place items that Plaintiff needed on low shelves, so that Plaintiff would have to bend over to reach them while near Dennis.

24.    Plaintiff's supervisors (the shift leads) witnessed and heard Dennis' comments and actions, yet failed to take remedial action.

25.    Further, Plaintiff was regularly the only employee who was made to clean the drains by Defendant.

26.    Plaintiff's White coworkers, in her same employment position, were not made to do this.

27.    Other employees informed Plaintiff that it was, in fact, the maintenance staff's job to do this, not Plaintiff's.

28.    Additionally, Plaintiff's store manager and training manager expressed to Plaintiff an indifference toward racism, stating that they "did not care" that Defendant's store location where they previously worked was "racist."

29.    Plaintiff objected to the disparate treatment that she experienced, including having to clean the drains, while her White coworkers were not made to

do this and objected to racially discriminatory comments that were made by her supervisors.

30.    On or around Sunday, April 14, 2024, Plaintiff asked her supervisor for the phone number of the human resources department, so that she could complain about the disparate treatment and sexual harassment that she was experiencing, but Defendant failed to provide her with it.

31.    Shortly thereafter, Plaintiff's supervisor informed Plaintiff that there was an ongoing investigation regarding Plaintiff, as Plaintiff was being accused of stealing reusable cups from the store.

32.    Plaintiff objected to this retaliation, stating that she had, in fact, paid for these cups.

33.    This supervisor even informed Plaintiff that she was aware that Plaintiff had not stolen these cups, as she witnessed Plaintiff purchase the items.

34.    However, the supervisor insinuated to Plaintiff that she was being pressured by Defendant to falsely claim that Plaintiff had stolen the items.

35.    Ultimately, Defendant informed Plaintiff that Defendant would call the police for allegedly stealing the cups.

36.    Again, Plaintiff denied that she stole these cups, insisting that she paid for them.

37.    Around this time, Plaintiff's manager instructed Plaintiff to contact the District Manager, which Plaintiff did.

38.    Several days later, Defendant's District Manager contacted Plaintiff back and Plaintiff informed him of what had been happening.

39.    The District Manager instructed Plaintiff to submit a written statement, which Plaintiff then did.

40.    Several days later, on or around April 17, 2024, Defendant called Plaintiff to terminate her.

41.    When Plaintiff asked about the reason for the termination, Defendant offered a merely pretextual reason, claiming that the termination was due to Plaintiff stealing food from the store, which Plaintiff vehemently denied.

42.    Defendant terminated Plaintiff based on her sex and race, and in retaliation for engaging in protected activity.

### COUNT I –42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

43.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 5, 8 through 19, and 25 through 42 of this Complaint, as though fully set forth herein.

44.    Plaintiff is a member of a protected class of persons under Section 1981.

45.    Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

46.    The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

47.    Defendant's actions were willful and done with malice.

48.    As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

49.    Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d)    Compensatory damages, including emotional distress, allowable at law;

(e)    Punitive damages;

    (f)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    (g)    Prejudgment interest on all monetary recovery obtained;

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

50.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 5, 8 through 19, and 25 through 42 of this Complaint, as though fully set forth herein.

51.    Plaintiff is a member of a protected class of persons under Section 1981.

52.    By complaining of racial discrimination in the workplace, Plaintiff engaged in protected activity under Section 1981.

53.    Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

54.    Defendant's actions were willful and done with malice.

55.    Defendant's retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

56.    As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to

experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

57.    Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d)    Compensatory damages, including emotional distress, allowable at law;

(e)    Punitive damages;

(f)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g)    Prejudgment interest on all monetary recovery obtained;

(h)    All costs and attorney's fees incurred in prosecuting these claims; and

(i)    For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII VIOLATION
## (RACE DISCRIMINATION)

58.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 12 through 19, and 25 through 42 of this Complaint, as though fully set forth herein.

59.    Plaintiff is a member of a protected class under Title VII.

60.    Plaintiff was subjected to disparate treatment on the basis of her race, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against Plaintiff by terminating her employment after she engaged in protected activity.

61.    Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

62.    Defendant's actions were willful and done with malice.

63.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

10

(c)    An injunction restraining continued violation of Title VII by Defendant;

(d)    Compensation for lost wages, benefits, and other remuneration;

(e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f)    Any other compensatory damages, including emotional distress, allowable at law;

(g)    Punitive damages;

(h)    Prejudgment interest on all monetary recovery obtained.

(i)    All costs and attorney's fees incurred in prosecuting these claims; and

(j)    For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII VIOLATION
### (SEX DISCRIMINATION)

64.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 12 through 25, and 30 through 42 of this Complaint, as though fully set forth herein.

65.    Plaintiff is a member of a protected class under Title VII.

66.    Plaintiff was subjected to disparate treatment on the basis of sex, including termination.

67.    Defendant's actions were willful and done with malice.

11

68.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    An injunction restraining continued violation of Title VII by Defendant;

(d)    Compensation for lost wages, benefits, and other remuneration;

(e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f)    Any other compensatory damages, including emotional distress, allowable at law;

(g)    Punitive damages;

(h)    Prejudgment interest on all monetary recovery obtained.

(i)    All costs and attorney's fees incurred in prosecuting these claims; and

(j)    For such further relief as this Court deems just and equitable.

## <u>COUNT V – TITLE VII VIOLATION</u>
### (SEXUAL HARASSMENT)

69.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 12 through 25, and 30 through 42 of this Complaint, as though fully set forth herein.

70.    Plaintiff is a member of a protected class under Title VII based on her sex.

71.    Plaintiff was subjected to unwelcome harassment on the basis of sex, including continued, unwanted sexual advances from a co-worker.

72.    Defendant was aware of these unwanted sexual advances, yet failed to take remedial action.

73.    The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendant, up to and including the termination of Plaintiff's employment.

74.    Defendant knew or should have known of the unwelcome harassment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

75.    Defendant's actions were willful and done with malice.

76.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    An injunction restraining continued violation of Title VII by Defendant;

(d)    Compensation for lost wages, benefits, and other remuneration;

(e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f)    Any other compensatory damages, including emotional distress, allowable at law;

(g)    Punitive damages;

(h)    Prejudgment interest on all monetary recovery obtained.

(i)    All costs and attorney's fees incurred in prosecuting these claims; and

(j)    For such further relief as this Court deems just and equitable.

## <u>COUNT VI – TITLE VII RETALIATION</u>

77.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 7 and 12 through 42 of this Complaint, as though fully set forth herein.

14

78.    Plaintiff is a member of a protected class under Title VII on the basis of her sex and race.

79.    Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

80.    Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating Plaintiff's employment.

81.    Defendant's actions were willful and done with malice.

82.    In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

83.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

(d)    That this Court enter an injunction restraining continued violation of Title VII by Defendant;

(e)     Compensation for lost wages, benefits, and other remuneration;

(f)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

(g)     Front pay;

(h)     Any other compensatory damages, including emotional distress, allowable at law;

(i)     Punitive damages;

(j)     Prejudgment interest on all monetary recovery obtained.

(k)     All costs and attorney's fees incurred in prosecuting these claims; and

(l)     For such further relief as this Court deems just and equitable.

## COUNT VII – FCRA VIOLATION
## (RACE DISCRIMINATION)

84.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 12 through 19, and 25 through 42 of this Complaint, as though fully set forth herein.

85.    Plaintiff is a member of a protected class (Black) under the FCRA.

86.    Plaintiff was subjected to disparate treatment by Defendant on the basis of her race, Defendant failed to take remedial action when Plaintiff complained

about the discrimination and retaliated against her by terminating her employment after she engaged in protected activity.

87.    Defendant's actions were willful and done with malice.

88.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    Compensation for lost wages, benefits, and other remuneration;

(d)    Front pay;

(e)    Any other compensatory damages, including emotional distress, allowable at law;

(f)    Punitive damages;

(g)    Prejudgment interest on all monetary recovery obtained.

(h)    All costs and attorney's fees incurred in prosecuting these claims; and

(i)    For such further relief as this Court deems just and equitable.

## COUNT VIII – FCRA VIOLATION
### (SEX DISCRIMINATION)

89.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 12 through 25, and 30 through 42 of this Complaint, as though fully set forth herein.

90.    Plaintiff is a member of a protected class (sex) under the FCRA.

91.    Plaintiff was subjected to disparate treatment by Defendant on the basis of her sex, including termination.

92.    Defendant's actions were willful and done with malice.

93.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    Compensation for lost wages, benefits, and other remuneration;

(d)    Front pay;

(e)    Any other compensatory damages, including emotional distress, allowable at law;

(f)    Punitive damages;

(g)    Prejudgment interest on all monetary recovery obtained.

(h)  All costs and attorney's fees incurred in prosecuting these claims; and

(i)  For such further relief as this Court deems just and equitable.

## COUNT IX – FCRA VIOLATION
### (SEXUAL HARASSMENT)

94.  Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 12 through 25, and 30 through 42 of this Complaint, as though fully set forth herein.

95.  Plaintiff is a member of a protected class under FCRA based on her sex.

96.  Plaintiff was subjected to unwelcome harassment on the basis of sex, including continued, unwanted sexual advances from a co-worker.

97.  Defendant was aware of these unwanted sexual advances, yet failed to take remedial action.

98.  The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendant, up to and including the termination of Plaintiff's employment.

99.  Defendant knew or should have known of the unwelcome harassment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

100.  Defendant's actions were willful and done with malice.

101.    Plaintiff was injured due to Defendant's violations of FCRA, for which

Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a)    A jury trial on all issues so triable;

    (b)    That process issue and that this Court take jurisdiction over the case;

    (c)    Compensation for lost wages, benefits, and other remuneration;

    (d)    Front pay;

    (e)    Any other compensatory damages, including emotional distress, allowable at law;

    (f)    Punitive damages;

    (g)    Prejudgment interest on all monetary recovery obtained.

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

## COUNT X – FCRA RETALIATION

102.    Plaintiff realleges and readopts the allegations of paragraphs 1 through

7, 12 through 25, and 30 through 42 of this Complaint, as though fully set forth

herein.

103.    Plaintiff is a member of a protected class under the FCRA, on the basis of her sex and race.

104.    Plaintiff engaged in protected activity under the FCRA by opposing Defendant's discrimination against Plaintiff.

105.    Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating her employment.

106.    Defendant's actions were willful and done with malice.

107.    By terminating Plaintiff, Defendant took material adverse action against Plaintiff.

108.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

(d)    Compensation for lost wages, benefits, and other remuneration;

(e)     Reinstatement of Plaintiff to a position comparable to her prior

         position, with back pay plus interest, pension rights, and all

         benefits;

(f)      Front pay;

(g)     Any other compensatory damages, including emotional distress,

         allowable at law;

(h)     Punitive damages;

(i)      Prejudgment interest on all monetary recovery obtained.

(j)      All costs and attorney's fees incurred in prosecuting these

         claims; and

(k)     For such further relief as this Court deems just and equitable.

## **<u>JURY TRIAL DEMAND</u>**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 17th day of December, 2025.

                                   Respectfully submitted,

                                   */s/ Brandon J. Hill*
                                   **BRANDON J. HILL**
                                   Florida Bar Number: 0037061
                                   Direct Dial: 813-337-7992
                                   **HANNAH E. DEBELLA**
                                   Florida Bar Number: 1026002
                                   **WENZEL FENTON CABASSA, P.A.**
                                   1110 N. Florida Avenue, Suite 300
                                   Tampa, Florida 33602
                                   Main Number: 813-224-0431

22

Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
**Counsel for Plaintiff**