# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KEI'YONA MCCOY,

      Plaintiff,

      v.                      Case No.:  6:25-cv-02424-ACC-LHP

SOUTHERN STAR RESTAURANT
MANAGEMENT, INC.,

      Defendant,

_____

## ORDER
(And Direction to Clerk)

On March 2, 2026, Clerk's default was entered against Defendant Southern Star Restaurant Management, Inc.  Doc. No. 16.  Now before the Court is Defendant's Unopposed Motion to Set Aside Clerk's Entry of Default.  Doc. No. 18. The motion states that "Southern Star Restaurant Management, Inc." is now an inactive business entity, and has been converted into a new business entity in the form of "Southern Star Restaurant Management, LLC." *Id.* at 2.  According to the motion, Plaintiff executed service on the registered agent of the old, inactive entity via a now out-of-use mailbox which is only checked periodically to catch mail inadvertently sent there, thus causing the delay in responding to this action.  *Id.* The motion further states that Defendant took immediate action upon learning of this lawsuit, and that Plaintiff will not be prejudiced by setting the default aside. *Id.*

at 3, 6.  As relief, the motion asks that the Court set aside Clerk's default and provide three weeks to answer or otherwise respond to the complaint from the date of any order setting aside Clerk's default.  *Id.* at 6-7.[1]

Upon consideration, and in light of Plaintiff's consent, the request is well taken.  *See Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 739 (11th Cir. 2018) (affirming district court's vacating of clerk's default where failure to respond was the result of an inadvertent mistake, defendant took prompt action to correct default, and no prejudice resulted from the delay); *see also Anwer v. Fed. Ins. Co.*, No. 6:24-cv-1174-PGB-EJK, 2024 WL 3917203, at *1 (M.D. Fla. Aug. 23, 2024) ("[G]iven that defaults are disfavored, the balance of consideration weighs in favor of vacating the default." (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993))).  *See also* Doc. No. 18, at 3.

Accordingly, Defendant's motion (Doc. No. 18) is **GRANTED**, and the Clerk of Court is **DIRECTED** to **VACATE** the default entered against Defendant (Doc.

---

[1] The motion states, in a footnote, that "Defendant is willing to agree to a Joint Stipulation for Substitution of Defendant with Plaintiff to substitute Southern Star Restaurant Management, LLC as Defendant for Southern Star Restaurant Management, Inc. d/b/a Orlando – Dunkin Donut."  Doc. No. 18, at 3 n.3.  Given that the present motion does not request the substitution of a party, and that no other motion seeking such relief has been filed, this footnote is not otherwise addressed in this Order.  Plaintiff is of course free to file a properly supported motion to amend or correct the case caption, or for such other appropriate relief.

No. 16).  Defendant shall answer or otherwise respond to the complaint within **twenty-one (21) days** from the date of this Order.

   **DONE** and **ORDERED** in Orlando, Florida on March 23, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record